IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ROCKY VAN BUREN,**

        **Petitioner,**

v.                                 **Criminal Action No. 4:98cr23**
                                          **Civil Action No. 4:05cv103**

**UNITED STATES of AMERICA,**

        **Respondent.**

**OPINION & ORDER**

This matter was originally before the Court on Petitioner's March 4, 2005, Motion to Alter or Amend Judgment Pursuant to Rule 59(e). Doc. 21. On May 17, 2005, the Court advised Petitioner of its intent to construe his Rule 59(e) Motion as a Motion under 28 U.S.C. § 2255. Doc. 22. Petitioner consented to this re-characterization, and this matter is now before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, filed on June 10, 2005, pursuant to 28 U.S.C. § 2255. ("§ 2255" or "§ 2255 Motion"). Doc. 23. In addition to completing the form provided by the Court ("§ 2255 Form"), Petitioner attached to his Motion a Brief in Support ("Pet. Br."), an Affidavit ("Pet. Aff."), and Exhibits ("Ex."). This Court ordered the Government to respond to Petitioner's Motion on September 5, 2006. Doc. 24. The Government has responded and the Petitioner has filed his Reply. Accordingly, this matter is ripe for decision by this Court. For the reasons stated herein, the Court **FINDS** that Petitioner's appeal was not timely filed. Accordingly, the Court **VACATES** Petitioner's sentence and **RE-SENTENCES** him to the same sentence, so that Petitioner may file a direct appeal with the United States Court of Appeals for the Fourth Circuit. The Court

**WITHHOLDS** decision on Petitioner's other two claims pending the decision on direct appeal.

## I. Procedural History

A jury convicted Petitioner of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), on July 15, 1998. Doc. 11. On October 8, 1998, the Court sentenced Petitioner to one-hundred sixty-eight (168) months' imprisonment and five (5) years' supervised release. See Doc. 12. The Court entered judgment as to Petitioner on October 9, 1998. Doc. 12. On December 8, 1998, Petitioner filed an untimely notice of appeal. Doc. 13; Fed. R. App. P. 4(b)(1)(A). The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal as untimely on September 24, 1999 (Doc. 15), and the Fourth Circuit formally entered its judgment on October 18, 1999 (Doc. 17). Petitioner did not petition the Supreme Court of the United States for a writ of certiorari; therefore, his judgment of conviction became final on January 18, 2000, ninety (90) days after the Fourth Circuit entered its judgment as to Petitioner. Sup. Ct. R. 13.1 & 30.1 (Monday, January 17, 2000, was Martin Luther King, Jr., Day); Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

## II. Standard of Review

### A. Statute of Limitations

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. This limitation period runs from the latest of (1) the date on which judgment of conviction became final; (2) the date on which the impediment to making a motion created by government action in

violation of the Constitution or the laws of the Untied States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court of the United States, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255 ¶ 6(1)-(4).

The Court advised Petitioner of the statute of limitations when it provided Petitioner with notice of the Court's intent to construe his Rule 59(e) motion as a § 2255 motion.  Doc. 22 at 3-4.  The Court also advised Petitioner that he must either demonstrate that his motion was timely filed under 28 U.S.C. § 2255, or that the circumstances were such that his untimely petition may be salvaged by equitable tolling principles.  Id. at 3.

### B. Equitable Tolling

Section 2255's one-year limitation period is subject to equitable tolling when an otherwise time-barred petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)); see also Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (equitable tolling of habeas statute of limitations only appropriate in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party") (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).  Absent wrongful conduct on the part of the United States, a petitioner must show that "extraordinary circumstances beyond [the petitioner's] control made it impossible to file the

claims on time." Harris, 209 F.3d at 330 (citation omitted). Any "invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id.

The fact that a petitioner was operating under the mistaken assumption that his appeal was pending, and the fact of his status as a federal prisoner proceeding pro se, are insufficient grounds to invoke equitable tolling. See Sosa, 364 F.3d at 512 (pro se status and ignorance of the law do not justify equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); Felder v. Johnson, 204 F .3d 168, 172-73 (5th Cir. 2000) (ignorance of law and pro se status held insufficient to toll limitations period); and Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process, illiteracy, and lack of representation do not merit equitable tolling).

### III. ANALYSIS

Petitioner advances three grounds for relief under 28 U.S.C. § 2255, all alleging constitutionally ineffective assistance of counsel: (1) his counsel failed to timely file his requested appeal (Doc. 23, Pet. Br. at 5-7); (2) his counsel "Compelled Petitioner to Trial by Jury Rather Than Negotiate a Plea of Guilty" (Id. at 7-8); and (3) his counsel "Compelled Petitioner to Become a Witness Against Himself" (Id. at 9-10). Because Petitioner has shown that he is entitled to equitable tolling of the statute of limitations for filing petitions under § 2255, the Court hereby **FINDS** that Petitioner's counsel did not file a timely notice of appeal. Therefore, the Court **VACATES** Petitioner's sentence and **RE-SENTENCES** him to the same sentence so that he may file a timely notice of appeal with the Fourth Circuit. The Court **WITHHOLDS**

decision on Petitioner's other two claims, pending a decision on direct appeal.

### A. Counsel's Failure to Timely Appeal

#### *1. Equitable Tolling and the Statute of Limitations*

Petitioner's original Rule 59(e) Motion was filed on March 4, 2005.  Doc. 21.  As Petitioner's judgment of conviction became final on January 18, 2000, the one-year statute of limitations would have typically expired on January 18, 2001.  28 U.S.C. § 2255 ¶ 6(1).  Petitioner does not allege that governmental action impeded his ability to move the Court under § 2255, nor does Petitioner assert that his Motion relies on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review.  28 U.S.C. § 2255 ¶ 6(2) & (3).  Petitioner explains that the belated status of his filing was because:

> Counsel's failure to perfect appeal did not become cognizant upon Petitioner until submissions to Virginia State Bar relevant to complaint to be filed against counsel, as a result Petitioner sought to Alter or Amend Judgment on Rule 59(e) for Consideration on Motion to the District Court . . . .  [C]ounsel's failure to apprise Petitioner that no appeal had been filed caused the untimely submission of Petitioner's 28 U.S.C. § 2255 Petition/Motion . . . .

Doc. 23, § 2255 Form at 13, ¶ 18.  Accordingly, the statute of limitations would start to run from the date on which Petitioner's counsel's failure to file a timely appeal could have been discovered by Petitioner through the exercise of due diligence.  28 U.S.C. § 2255 ¶ 6(4).

Petitioner avers that he asked his counsel to file an appeal on or about October 8, 1998, "immediately" following his sentencing hearing.  Doc. 23, Pet. Aff. ¶ 2.  Petitioner attached to his § 2255 a letter from the Chief Deputy Clerk of the United States Court of Appeals for the Fourth Circuit dated February 25, 2005, informing Petitioner that his appeal was dismissed on September 23, 1999, and that no briefs had been filed by his counsel in support of his appeal.

Doc. 23, Ex. 2. The Clerk was responding to a letter of Petitioner's dated February 15, 2005. Id. Petitioner justifies waiting more than six years to check with the Clerk as to the status of his appeal by the fact that he had written his counsel repeatedly in the interim regarding his appeal and had never gotten a response, and Petitioner asserts that he first learned his appeal was no longer pending from the Clerk's February 25, 2005 letter. Doc. 23 at 2-4, Ex. 2.

Petitioner, by letter dated October 15, 2000, had requested that the district court Clerk provide him with a copy of his docket sheet, indictment, sentencing transcript, and a lab report. This letter is stamped "received" by the Clerk on October 26, 2000. By letter dated October 27, 2000, the Clerk informed Petitioner that it would cost $2.50 to provide him a copy of his docket sheet and the indictment, advised Petitioner of how to request transcripts from the Court Reporter, and informed Petitioner that the lab results had been returned to the United States Attorney. There is no record of when Petitioner received a copy of his criminal docket; however, in a December 23, 2004 letter from Petitioner to the Clerk "Re: Criminal Docket for Case #: 98-cr-23, U.S. v. Vanburen," Petitioner cites to entries on his docket sheet. While this December 2004 letter does not speak as to when Petitioner paid for and received the requested copies, review of his docket sheet anytime after October 18, 1999, would have revealed that his appeal had been dismissed and that his notice of appeal was untimely.

In his Reply to the Government's Response, Petitioner contends that "[c]ounsel's failure to perfect appeal did not become cognizant upon Petitioner until submissions to the Virginia State [B]ar relevant to complaint to be filed against counsel as a result consideration on motion to the district court." Doc. 27 at 3. Petitioner further states that he did not become aware of his counsel's disbarment, on March 23, 2004, until he was notified on or about February 17, 2005,

by the Virginia State Bar Association. Id.  Petitioner contends that soon after he received this news, he filed the Rule 59(e) Motion with this Court, and would have filed sooner had he known sooner of counsel's failure to timely notice an appeal. Id.

While the Court notes that Petitioner was told in October 2000 how to receive a copy of the docket, and though his arguments are not consistent as to the date he learned that his counsel had failed to timely notice an appeal, this Court is not persuaded that Petitioner willingly "sat on his hands" between 2000 and 2005.[1]  See Doc. 25 at 4.  The Court will construe the date of constructive knowledge of counsel's failure to notice a timely appeal, pursuant to § 2255's equitable tolling provisions, to be December 23, 2004—the date that Petitioner first acknowledged that he was aware of his counsel's failure to notice an appeal.

The Court hereby **FINDS** that Petitioner has satisfied the requirements of equitable tolling because his counsel was unresponsive to his communications regarding appeal, and his counsel's disbarment establishes objective grounds upon which to determine the severity of the outside force which prevented Petitioner's ability to discover that no timely appeal had been filed. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner became cognizant of counsel's failure to note an appeal on December 23, 2004, and filed his Rule 59(e) Motion (later construed as a 2255 Motion) on March 4, 2005.  Because Petitioner filed his Motion within the

---

[1] In his Motion, Petitioner alleges that he first learned that his counsel had not noticed a timely appeal on February 25, 2005.  Doc. 23 at 2-4.  However, in his Reply to the Government's Response, Petitioner states that he did not find out until after he submitted complaints about his attorney's behavior to the Virginia State Bar, on February 18, 2005.  Doc 23 at 13; Doc. 27 at 3. Nevertheless, Petitioner wrote the Clerk of the Court on December 23, 2004, requesting documents in connection with the "dismissal of the appeal."  Accordingly, it is apparent that he was aware of his counsel's failure to timely appeal as of December 23, 2004, and the Court will construe this to be the date of constructive knowledge for purposes of equitable tolling.

one-year statute of limitations, Petitioner's Motion is deemed timely filed as to his claim that counsel failed to notice an appeal within the time required.

## *2. Failure to Notice an Appeal*

Petitioner claims that his attorney was ineffective for failing to timely file a notice of appeal and appellate brief after being asked to do so. Doc. 25 at 5; 27 at 2. Petitioner states in a sworn affidavit that he asked his attorney to file an appeal "immediately after sentencing," and that his attorney failed to do so even though she stated that she would. Doc. 23, Ex. 1 ¶ 2. Petitioner was sentenced on October 8, 1998. Doc. 23 at 2. On December 8, 1998, Petitioner's counsel filed a Notice of Appeal with this Court. Id. The Notice of Appeal was deemed "Filed in Defect" as untimely upon its transmittal to the Fourth Circuit, and Petitioner's appeal was dismissed as untimely on October 18, 1999. Id.

Failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. United States v. Peak, 992 F.2d 39 (4th Cir. 1993). If counsel consulted with Petitioner, counsel provided constitutionally inadequate assistance of counsel where counsel failed to follow defendant's express instructions to file an appeal. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000); Hudson v. Hunt, 235 F.3d 892, 896 (4th Cir. 2000). Therefore, if the Court found that counsel failed to file an appeal or to counsel the defendant on his ability to file an appeal, it would be ineffective assistance of counsel. See id.; Peak, 992 F.2d at 39.

If assistance of counsel was constitutionally defective, Petitioner must then show that counsel's ineffective assistance prejudiced the petitioner. Hudson, 235 F.3d at 896. In order to show prejudice, a petitioner must demonstrate a reasonable probability that he would have filed a

timely appeal, but for the ineffective assistance of counsel. Id.

Petitioner states that he expressly requested that his counsel file a notice of appeal immediately following his trial. The fact that Petitioner's counsel noticed an untimely appeal evidences that he requested that a notice of appeal be filed. Further, the fact that the Notice of Appeal was filed late is sufficient to show that Petitioner was denied effective assistance of counsel. The inability of Petitioner to rely on his counsel to make a timely notice of appeal following a jury trial is a grave constitutional violation; the Court accordingly **FINDS** that the just result would be to give Petitioner an opportunity to file a timely direct appeal.

Accordingly, the Court finds that Petitioner has established that counsel was per se ineffective for failure to notice a timely appeal upon Petitioner's request. The Court **FINDS** that an evidentiary hearing is unnecessary, since an appeal notice was filed, but filed too late. Rather, the proper remedy is to allow Petitioner to file an appeal with the United States Court of Appeals for the Fourth Circuit. Peak, 992 F.2d at 42. The Court thus **VACATES** Petitioner's sentence and **RE-SENTENCES** Petitioner to the same sentence as stated in the Judgment Order. As a result, Petitioner's date of sentencing is reset to the date of this Opinion & Order, and Petitioner has an opportunity to file a timely notice of appeal with the Fourth Circuit.

### C. Remaining Grounds for Relief

The remaining grounds of relief advanced by Petitioner involve events that occurred at or before Petitioner's trial. Petitioner alleges that his counsel compelled him to a trial by jury because counsel failed to negotiate a plea agreement with the United States. Doc. 23, Pet. Br. at 7. Petitioner further alleges that his counsel compelled Petitioner to be a witness against himself by having him take the stand in his own defense. Id. at 9. Petitioner may attempt to raise these

or related matters on direct appeal. Accordingly, the Court **WITHHOLDS** decision on Petitioner's remaining claims pending decision on the matter by the Fourth Circuit.

### IV. CONCLUSION

The Court **ORDERS** that Petitioner's sentence be **VACATED**. Petitioner is **RE-SENTENCED** to the same sentence as stated in the Judgment Order, so that Petitioner's time to file notice of appeal runs from the date of this Opinion & Order.

The Court **WITHHOLDS** decision on Petitioner's claims that counsel was ineffective because (1) she compelled Petitioner to a trial by jury, and (2) she compelled Petitioner to be a witness against himself by having him take the stand in his own defense, pending a decision on direct appeal.

The Clerk is **REQUESTED** to mail a copy of this Opinion & Order to Petitioner and to counsel of record for the United States.

Petitioner is **ADVISED** that he has ten (10) days from entry of this Opinion & Order to appeal this Court's Judgment to the United States Court of Appeals for the Fourth Circuit. FED. R. APP. P. 4(b)(A)(I). Petitioner may do so by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. If Petitioner wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.

                                                    /s/
                                  HENRY COKE MORGAN, JR.
                        SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 18, 2006

11